J-A18044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1344 WDA 2025 |

Appeal from the PCRA Order Entered September 17, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011522-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1345 WDA 2025 |

Appeal from the PCRA Order Entered September 17, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011523-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1346 WDA 2025 |

Appeal from the PCRA Order Entered September 17, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011535-2010

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

J-A18044-26

MEMORANDUM BY LANE, J.:                    **FILED: August 11, 2026**

Paul David Weimer ("Weimer") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

A prior panel of this Court set forth the procedural history of these cases, which involve Weimer's numerous convictions for his sexual abuse of three minor boys:

> In a consolidated trial, [Weimer] was convicted of twenty-one offenses across three separate dockets for the sexual abuse of three minor boys: R.Z., M.G., and J.D. At docket CP-02-CR-0011522-2010 (relating to victim R.Z.), the jury convicted [Weimer] of involuntary deviate sexual intercourse (["]IDSI["]), unlawful contact with a minor, statutory sexual assault, endangering the welfare of children, corruption of minors, and selling or furnishing alcohol to minors. At docket CP-02-CR-0011523-2010 (relating to victim M.G.), the jury convicted [Weimer] of IDSI, indecent assault, endangering the welfare of children, and corruption of minors. At docket CP-02-CR-0011535-2010 (relating to victim J.D.), the jury convicted [Weimer] of unlawful contact with a minor, corruption of minors (two counts), and selling or furnishing alcohol to minors.
>
> On March 13, 2012, the trial court imposed an aggregate sentence of 25-50 years' imprisonment and designated [Weimer] as a sexually violent predator (["SVP["]) subject to lifetime sexual offender registration. After [Weimer] filed a direct appeal, this Court affirmed the judgment of sentence[ and our Supreme Court denied allowance of appeal on November 27, 2013]. **See Commonwealth v. Weimer**, [83 A.3d 1055] (Pa. Super. [] 2013 (unpublished memorandum)[; *appeal denied*, 80 A.3d 777 (Pa. 2013)].
>
> On April 7, 2014, [Weimer] filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition . .

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

.. The PCRA court denied [Weimer's] petition . . ..  On appeal, this Court concluded that the trial court's imposition of mandatory minimum sentences for [Weimer's] two IDSI convictions violated ***Alleyne v. United States***, 570 U.S. 99, 106 . . . (2013) and the individual sentence of 5-10 years' imprisonment for the unlawful contact with a minor conviction illegally exceeded the permissible statutory maximum.  Thus, this Court vacated the judgment of sentence and remanded for resentencing.  ***See Commonwealth v. Weimer***, . . . 167 A.3d 78 (Pa. Super. 2017) (unpublished memorandum).  The Supreme Court denied [Weimer's] petition for allowance of appeal on December 13, 2017.

Upon remand, on April 3, 2018, the trial court resentenced [Weimer to] non-mandatory terms of ten to twenty years imprisonment on the IDSI charges and a term of 3[-]1/2 to 7 years' imprisonment on the unlawful contact with a minor charge.  As the trial court ran the sentences consecutively, [Weimer] received an aggregate term of 23[-]1/2 to 47 years' imprisonment.  On April 27, 2020, this Court affirmed the judgment of sentence, finding that [Weimer's] challenge to the discretionary aspects of sentence did not raise a substantial question for review.  ***See Commonwealth v. Weimer***, 236 A.3d 1127 (Pa. Super. 2020) (unpublished memorandum).  On December 2, 2020, the Supreme Court denied [Weimer's] petition for allowance of appeal.

On May 28, 2020, [Weimer] filed a *habeas* petition in federal court, which was subsequently denied on April 29, 2022.  On January 4, 2023, the Third Circuit Court of Appeals denied [Weimer's] request for a certificate of appealability.

On June 2, 2022, [Weimer] filed a second *pro se* PCRA petition, raising various claims of ineffectiveness against both trial and PCRA counsel.  [The PCRA dismissed the petition as untimely filed.  On appeal, a panel of this Court determined that Weimer had not pled or proved that any of the statutory exceptions to the PCRA time bar applied to the claims raised in his second petition, and that the PCRA court correctly determined that the petition was untimely.  Accordingly, this Court affirmed the PCRA court's order dismissing Weimer's second PCRA petition as untimely, and our Supreme Court denied allowance of appeal.]

*Commonwealth v. Weimer*, 328 A.3d 499 (Pa. Super. 2024) (unpublished memorandum at **1-4, 10) (unnecessary capitalization omitted), *appeal denied*, 334 A.3d 231 (Pa. 2025).

On July 29, 2025, Weimer filed the instant *pro se* PCRA petition, his third. On September 17, 2025, the PCRA court entered an order dismissing the petition. Weimer filed timely notices of appeal,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.

Weimer raises the following issues for our review — all of which pertain to the dismissal of his second PCRA petition on the basis that it was untimely filed and he failed to plead or prove any exception to the PCRA's one-year jurisdictional time bar:

> 1. WHETHER THE PCRA COURT . . . COMMITTED AN ONGOING ABUSE OF DISCRETION, OFFICIAL OPPRESSION AND ABUSE OF POWERS TO INTENTIONALLY BLOCK JURISDICTION OF [WEIMER'S] MERITORIOUS [SECOND] PCRA PETITION, AS IN THE CASE AT BAR, TO BEND TO THE POLITICAL PRESSURES OF [THE] DISTRICT ATTORNEY . . ., AND THE OFFICE OF THE

---

[2] Pennsylvania Rule of Appellate Procedure 903(a) requires appellants to file notices of appeal within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). However, pursuant to the prisoner mailbox rule, a *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing, as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence. *See* Pa.R.A.P. 121(f); *see also Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997) (holding that a *pro se* prisoner's appeal is deemed filed as of the date they deliver it to prison authorities for mailing). Here, although Weimer's notices of appeal are facially untimely, the envelopes attached to the notices of appeal indicate that they were mailed on October 10, 2025. Thus, we deem Weimer's appeals timely filed.

DISTRICT ATTORNEY, ALL THE WHILE PROTECTING [THE TRIAL COURT] . . . AND [WEIMER'S PRIOR COUNSEL], WHOM AS DOCUMENTED, EACH COMMITTED CRIMINAL OFFENSES INVOLVING [WEIMER'S] CRIMINAL CASES, AND WHERE [THE PCRA COURT] INTENTIONALLY AND KNOWINGLY BLOCKED EVIDENCE OF INNOCENCE, ILLEGAL CHARGING AND UNCONSTITUTIONAL CONVICTION(S) AND SENTENCES PRESENTED, AND IN THE COURSE OF THE CORRUPT COURT'S ACTIONS, COMMITTED JUDICIAL MISCONDUCT AS EVIDENCE IN THE PCRA PETITION RULINGS AND FALSIFIED OPINIONS DEMONSTRATED, TO INTENTIONALLY USE JURISDICTIONAL TIME-BARRING AS AN "EXCUSE," WHEN THE LEGAL STANDING FOR THE EXCEPTION(S) WARRANTED RELIEF.

2. WHETHER [THE PCRA COURT] COMMITTED JUDICIAL MISCONDUCT AND COMMITTED AN INTENTIONAL BIAS BASED ABUSE OF DISCRETION IN NOT ENTERTAINING AN EVIDENTIARY HEARING [BEFORE DISMISSING WEIMER'S SECOND PCRA PETITION], WHEN [WEIMER] OVERWHELMINGLY DEMONSTRATED BY OFFICIAL COURT RECORDS, THAT [THE TRIAL COURT JUDGE] COMMITTED STATE CRIMINAL ACTS, AS FILED IN OFFICIAL PRIVATE CRIMINAL COMPLAINTS BY [WEIMER] FOR [THE] JUDGE . . . USING ALLEGED VICTIMS' NAMES IN PUBLISHED OPINION OF PUBLIC RECORDS AND IN CHANGING THE JURY'S VERDICT ON APRIL 3RD, 2018, AS EVIDENT OF THE EXHIBITS FROM THE RECORD CONCERNING ISSUE V, (11535-2010), AND FURTHER COMMITTED AN ABUSE OF DISCRETION IN PERMITTING PRIOR COUNSEL. . . TO NOT ANSWER FOR HIS ADMITTED FORGERY CRIME IN FORGING [WEIMER'S] NAME AND SIGNATURE ON A UNSWORN DECLARATION, WHERE [PRIOR COUNSEL] ADMITTED THE SAME IN A DISCIPLINARY BOARD COMPLAINT PROCEEDINGS, (ALL THE WHILE REPRESENTING [WEIMER]), AND FOR FALSIFYING STATEMENTS IN [WEIMER'S] FIRST PCRA PROCEEDING, WHICH [THE PCRA COURT'S] ACTION WERE THE RESULT OF THE POLITICAL PRESSURES OF [THE] DISTRICT ATTORNEY . . . TO APPLY THE COURT'S POWERS TO BLOCK [WEIMER'S] MERITORIOUS EVIDENCE OF INNOCENCE AND WRONGFUL CONVICTIONS BY ELUDING TO ANSWERING THE FACTS AND NOT APPLYING VALID EXCEPTIONS FOR A HEARING.

3. WHETHER THE PCRA COURT . . . DID ABUSE [ITS] DISCRETION, AND COMMIT JUDICIAL AND OFFICIAL

- 5 -

OPPRESSION THROUGH BIAS AND CORRUPTION TO INTENTIONALLY AND REPEATEDLY [DISMISS WEIMER'S SECOND PCRA PETITION] WITHOUT AN EVIDENTIARY HEARING . . . IN PROVING THE EXCEPTION(S) AFFORDING JURISDICTIONAL RELIEF BASED ON ACTUAL AND FACTUAL COURT DOCUMENT AND RECORD INNOCENCE FROM TIMELINES TO WITNESSES TO OVERCOME THE ERRONEOUSLY APPLIED JURISDICTIONAL BLOCKING OF A MERITORIOUS PCRA PETITION. THAT, WHICH CLEARLY PROVED [WEIMER'S] INNOCENCE, ILLEGAL AND UNCONSTITUTIONAL CHARGING, WRONGFUL CONVICTIONS AND SENTENCES, FROM "ADDED CHARGES" "UNCONSTITUTIONALLY AMENDED CHARGES," AND "EXPIRED STATUTE 0F LIMITATION CHARGES" THAT DESTROYED THE INTEGRITY OF [WEIMER'S] DUE PROCESS OF LAW RIGHTS AND TRIAL RIGHTS, THAT AMOUNTS TO AN UNCONSTITUTIONAL MISCARRIAGE OF JUSTICE THAT IS BEING ALLOWED FOR AN UNLAWFUL TRIAL, CONVICTIONS AND SENTENCES.

4. WHETHER THE PCRA COURT . . . COMMITTED AN ONGOING ABUSE OF DISCRETION, OFFICAL OPPRESSION AND ABUSE OF POWERS TO INTENTIONALLY CAUSE FRAUD UPON THE COURT TO BLOCK LEGAL EXCEPTION ISSUES AND JURISDICTI0N OF [WEIMER'S] MERITORIOUS [SECOND] PCRA PETITION[], AS IN THE CASE(S) AT BAR, TO BEND TO THE POLITICAL PRESSURES OF [THE] DISTRICT ATTORNEY . . . AND THE OFFICE OF THE DISTRICT ATTORNEY, ALL THE WHILE USING THE COURT'S BIAS TO PREJUDICE AND VIOLATE VALID CONSTITUTIONAL ISSUES PRESENTED BEFORE THE COURT, WHERE [THE PCRA COURT] INTENTIONALLY ANO KNOWINGLY BLOCKED EVIDENCE OF INNOCENCE, ILLEGAL CHARGING AND UNCONSTITUTIONAL CONVICTION(S) AND SENTENCES PRESENTED, AND IN THE COURSE OF THE CORRUPT COURT'S ACTIONS, COMMITTED JUDICIAL MISCONDUCT AS EVIDENCE IN THE [SECOND] PCRA PETITION RULINGS AND FALSIFIED OPINION(S) DEMONSTRATED, TO INTENTIONALLY USE JURISDICTIONAL TIME-BARRING AS AN "EXCUSE," WHEN THE LEGAL STANDING FOR THE EXCEPTION(S) WARRANTED RELIEF, AS IS EVIDENT OF THE FOLLOWING ABUSE OF DISCRETIONS USE TO BLOCK A TIMELY [SECOND] PCRA AND THE INSTANT PETITIONS.

5. WHETHER THE PCRA COURT ABUSED ITS JUDICIAL AUTHORITY TO INVOKE AND INQUIRE INTO THE EVIDENCE OF

JUDICIAL ERROR COMMITTED BY THE SUPERIOR COURT PANEL AT COMMONWEALTH V. WEIMER, 167 A.3d 78, (2017), OPINION ¶ 7 THRU 14, WHEN THE COURT IDENTIFIED [WEIMER'S] CONVICTION AT CP-02-CR-0011535-2010 FOR 18 § 6310 §§[a][6], AS THE WRONGFUL CHARGED AND CONVICTED AS WAS ORIGINALLY FILED IN THE BILL OF INFORMATION AT [A][1], WITHOUT OFFICIAL CHARGING NOTICE OR COURT APPROVED AMENDMENT WHICH ENTITLED [WEIMER] TO A HEARING AND NEW TRIAL AS A RESULT OF THE MISCARRIAGE OF JUSTICE AND DUE PROCESS OF LAW VIOLATIONS, WHERE CUMULATIVE INEFFECTIVENESS OF PRIOR COUNSELS' FAILURES TO RAISE, CHALLENGE AND SEEKS RELIEF PREJUDICED [WEIMER], LEAVING [WEIMER] ABANDONED FROM RELIEF IN SEEKING TO OVERTURN THE UNLAWFUL CONVICTION AND SENTENCE, AS A RESULT OF THE UNCONSTITUTIONAL VIOLATION COMMITTED UNDER THE FIFTH AMENDMENT, AS IS CLEARLY READABLE, VISIBLE AND VERIFIABLE WITH THE OFFICAL CASE RECORDS? (SEE WORTHHAM, 471 Pa. 243, 369 A. 2d 1287, (1977), THE SUPREME COURT REITERATED THE RULE THAT AN UNCURED INACCURATE CHARGE AS TO A FUNDAMENTAL ISSUE OF LAW IS NOT HARMLESS ERROR: THE ISSUE OF AMENDMENT, PURSUANT TO PA.R.CRIM.P. 564 IS WELL SETTLED. THE COMMONWEALTH "CANNOT" JUST AMEND, ADD OR CHANGE THE ELEMENT OF THE CRIME DIFFERENTLY.) (I8 PA.C.S. § 5702 - ELEMENT OF AN OFFENSE.) (ALSO SEE DESUMMA, 522 PA. 36, 559 A. 2d 521 (1989), HELD THAT: "THE AMENDMENT MAY NOT INCLUDE A DIFFERENT ACT, EVENTS, ELEMENTS OF THE OFFENSE, OR ADDITIONAL OFFENSES. (IMPROPER ALSO TO ALLOW AMENDMENT THAT ADDS ADDITIONAL VICTIMS, ID. AT 419 a.2D 1368, ON REMAND 422 a.2D 800 (1982).

6. WHETHER THE PCRA COURT ABUSED ITS DISCRETION AND COMMITTED JUDICIAL ERROR IN PROCEDURAL, LAW AND JUDICIAL CONDUCT VIOLATIONS, WHEN THE PCRA COURT ISSUED AN "ORDER OF COURT" DIRECTING THE COMMONWEALTH'S ATTORNEY TO FILE AN ANSWER TO [WEIMER'S SECOND] PCRA PETITION (*PRO SE*), AND PERMITTED THE COMMONWEALTH TO FILE THE "COMMONWEALTH'S ANSWER TO [WEIMER'S SECOND PCRA] PETITION" THAT ONLY ADDRESSED THREE ISSUES AS WAS FILED IN COUNSEL'S MOTION SEEKING HEARING ON PENDING PCRA PETITION." THIS, DESPITE . . . PCRA COUNSEL . . . FILING A STATEMENT MOTION SEEKING A HEARING AND

EXPLAINING WHY A HEARING MUST BE GRANTED, YET, THE PCRA COURT ALLOWED THE COMMONWEALTH TO ADDRESS COUNSEL'S MOTION, AND NOT ONE OF [WEIMER'S] *PRO SE* PCRA PETITION, WHICH SEVERELY PREJUDICED [WEIMER]. BUT ALLOWED THE PCRA COURT TO NOT HAVE A TWO SIDED RESPONSE OF [WEIMER'S] ISSUES OR IN OTHER WORDS, ALLOWED ONCE AGAIN, FOR THE COMMONWEALTH, NAMELY [THE] DISTRICT ATTORNEY OF ALLEGHENY COUNTY RUNNING FOR REELECTION TO NOT HAVE TO ADDRESS OR ANSWER TO HIS OFFICE'S INTEGRITY AND PROSECUTORIAL MISCONDUCT ON ILLEGAL UNCONSTITUTTONAL AND AGAINST AN INNOCENCE DEFENDANT, AS THE RECORD DEMONSTRATES. THIS JUDICIAL MISCONDUCT AND PROSECUTORIAL MISCONDUCT WAS AND IS UNETHICAL AND THE PCRA COURT KNOWINGLY USED ITS JUDICIAL AND OFFICIAL OPPRESSION TO BLOCK THE COMMONWEALTH FROM BEING HELD ACCOUNTABLE FOR THE INTEGRITY AND WRONGFUL CONVICTIONS OF AN INNOCENT PERSON. MOREOVER, APPLYING POLITICAL INFLUENCE OF JUSTICE BY A SITTING JUDICIAL OFFICIAL OF THE C0URT IS A GR0SS ABUSE OF POWER! (SEE BLACKSTONE'S RATIO; "IT IS BETTER THAN TEN GUILTY PERSONS ESCAPE THAT ONE INNOCENT SUFFER." KNOWN AS THE BLACKSTONE'S RATIO, THIS MAXIM HAS BEEN ACCEPTED RULE OF WESTERN JURISPRUDENCE SINCE BLACKSTONE IN THE 176O'S. IT EXPLICITLY STATES AN ESSENTIAL NATURAL IMPULSE OF AN OUTRAGED POPULACE TO EXACT VENGEANCE. IT REMINDS US OF THE DUTY OF A FREE SOCIETY TO WEIGH THE DESIRE FOR SECURITY AGAINST THE PRECIOUS AND TENUOUS LIBERTY OF ITS INDIVIDUAL MEMBERS. ONCE INDIVIDUAL LIBERTY IS SACRAFICED, SECURITY IS ALSO FORFEIT.")

7. WHETHER THE PCRA COURT . . . THROUGH . . . PREJUDICE AS IS CLEARLY SHOW IN [ITS] ABUSE OF DISCRETION(S), EXHIBITED BIAS, ILL-WILL AND PARTIALITY FOR THE COMMONWEALTH, DID INTENTIONALLY DISREGARD, IGNORE AND BLIND SIDE THE FACTUAL EVIDENCE, OVERWHELMINGLY DOCUMENTED IN LAYERS OF EVIDENCE SUBMITTED IN [WEIMER'S SECOND PCRA PETITION], AND SUPPORTED BY THE RECORD, TO JUST DISMISS [WEIMER'S SECOND PCRA] PETITION WITHOUT A HEARING, WHICH CONTAINED MATERIAL FACT EVIDENCE OF ILLEGAL CHARGES, EXPIRED CONVICTIONS, CONVICTIONS NOT CHARGED, CHARGES ADDED, AND WRONGFUL CONVICTIONS. HOWEVER, THE

MOST GLARING, IS [WEIMER'S] ACTUAL AND FACTUAL TIMELINE(S) AND EVIDENCE SUPPORTING HIS INNOCENCE, WHERE [THE PCRA COURT JUDGE] SHOULD HAVE RECUSED HIMSELF AS A RESULT OF HIS JUDICIAL ABUSE OF OFFICIAL OPPRESSION THAT DISREGARDED A FACTUALLY INNOCENT PERSON'S EVIDENCE, WHEN [WEIMER] EXPOSED THE INTEGRITY VIOLATIONS COMMITTED BY THE COMMONWEALTH, WHERE [WEIMER] HAS STEADFASTLY PROCLAIMED SINCE BEING WRONGFUL ACCUSED AND CHARGED. FURTHER, THE COMMONWEALTH HAS SINCE PROSECUTING [WEIMER], APPLIED THEIR MALICIOUS AND VINDICTIVE PROSECUTORIAL MISCONDUCT, INCLUDING POLITICAL BIAS, THAT HAS RESULTED IN [WEIMER'S] ILLEGAL AND WRONGFUL CONVICTIONS AND SENTENCES OF A FACTUALLY INNOCENT APPELLANT WHOM MET EVERY RULE, ACT, OFFICIAL RECORD, PREJUDICE, PROCEDURAL AND PRECEDENT CASE LAW REQUIRE OF HIM TO DEMONSTRATE THE PREJUDICE PRONG EXCEPTIONS, AS IS EXHIBITED IN [WEIMER'S] VOLUMINOUS *PRO SE* FILINGS DUE TO ATTORNEY ABANDONMENT AND THE STANDARD WITHIN AMISCARRIAGE OF JUSTICE RELIEF UNDER THE EXCEPTIONS AND LAWS OF THIS COMMONWEALTH AND BASED ON [THE PCRA COURT'S] HANDLING OF [WEIMER'S SECOND PCR PETITION], MUST BE REMOVED FROM [WEIMER'S] CASE?

Weimer's Brief at 3-5 (capitalization in original, issues renumbered).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

- 9 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Weimer was sentenced on March 13, 2012.[3] This Court affirmed the judgment of sentence, and our Supreme Court denied

---

[3] As this Court previously explained, "[t]he fact that Weimer's first PCRA petition resulted in a remand to the trial court for resentencing did not 'reset the clock' for the purposes of the PCRA timeliness rules." *Weimer*, 328 A.3d 499 (Pa. Super. 2024) (unpublished memorandum at *7 n.2); *see also Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (holding that a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only). Here, as the relief granted to Weimer in his first PCRA petition neither restored his direct appeal rights nor vacated his convictions, and merely resulted in resentencing, we use his original sentencing date when calculating the finality of his judgment of sentence for purposes of the PCRA.

allowance of appeal on November 27, 2013. *See Weimer*, 83 A.3d 1055 (unpublished memorandum), *appeal denied*, 80 A.3d 777. As Weimer did not file a petition for a writ of certiorari with the Supreme Court of the United States, his judgment of sentence became final on February 25, 2014, upon the expiration of the ninety-day period to seek certiorari review. *See* U.S.Sup.Ct.R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"); *see also* 42 Pa.C.S.A. § 9543(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Thus, Weimer had until February 25, 2015, to file a timely PCRA petition. As Weimer's instant petition was not filed until July 29, 2025, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 11 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

To invoke the newly-discovered facts exception, a petitioner must plead and prove facts that were unknown to the petitioner despite the exercise of due diligence. **See Commonwealth v. Branthafer**, 315 A.3d 113, 128 (Pa. Super. 2024). The newly-discovered facts exception does not require any merits analysis of the underlying claim, and application of the time-bar exception does not necessitate proof of the elements of a claim of after-discovered evidence. **See Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020).

Here, in his third PCRA petition, Weimer sought to challenge the dismissal of his second PCRA petition as untimely filed. In his petition, he claimed that he did not "discover" that his second petition was improperly dismissed as untimely until July 9, 2025, when he reviewed an opinion entered in another defendant's case, **Commonwealth v. Campinelli**, which was prepared by the same PCRA court judge. **See** Pro Se Third PCRA Petition, 7/29/25, at 7. Weimer claimed that, in its **Campinelli** opinion, the PCRA court

determined that when Campinelli was resentenced, his resentencing date was the proper date for determining the finality of his judgment of sentence for purposes of the PCRA. *See id*. Weimer observed that, although he was resentenced in 2018, his original 2012 sentencing date was determined to be the proper date for determining the finality of his judgment of sentence for purposes of the PCRA. *See id*. Weimer seemingly contended that his "discovery" of the *Campinelli* opinion, prepared by the same PCRA court judge, is a "new fact" pursuant to section 9545(b)(1)(ii). On this basis, Weimer claimed that his third petition was timely filed on July 29, 2025, in relation to his "discovery" of the PCRA court's opinion in *Campinelli* on July 9, 2025.

The PCRA court determined that Weimer's petition was untimely, and that he failed to plead or prove any timeliness exception. The court reasoned:

> The Superior Court previously determined that [Weimer's] judgment became final on February 25, 2014, [ninety] days after the Supreme Court of Pennsylvania denied [Weimer's] petition for allowance of appeal. . . . To be timely, [Weimer] was required to file his petition no later than February 25, 2015. [Weimer] filed the instant petition on July 29, 2025, over ten years too late.
>
> * * * *
>
> . . . The court cannot discern any valid argument for application of any of the section 9545(b)(1) exceptions from [Weimer's third PCRA petition]. [Weimer] has failed to meet his burden of establishing this late petition should be excused.

PCRA Court Opinion, 12/9/25, at 4-6 (unnecessary capitalization omitted).

- 13 -

Based on our review, we conclude that the PCRA court's dismissal order is supported by the record and free from error. As this Court has previously explained, Weimer's judgment of sentence became final on February 25, 2014, and the fact that he was resentenced did not impact this finality date for purposes of the PCRA because Weimer's convictions were unaffected by his resentencing and his direct appeal rights were not reinstated. **See Weimer**, 328 A.3d 499 (unpublished memorandum at *7 n.2); **see also McKeever**, 947 A.2d at 785. Thus, the instant petition is untimely.

To the extent that Weimer purported to raise the newly-discovered facts exception set forth in section 9545(b)(1)(ii), he failed to do so. Weimer's assertion that he "discovered" that the PCRA court reached a different legal conclusion in an opinion entered in another defendant's case is not a "new fact," since "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011); **see also Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (same). As our Supreme Court has explained:

> "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule." Black's Law Dictionary 592 (6th ed. 1991). Put another way, "A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." **Id**. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact. Thus, viewed in the appropriate manner, [a judicial opinion does] not trigger

- 14 -

section 9545(b)(1)(ii) because it was not an event that spawned a new claim.

***Watts***, 23 A.3d at 986-87.

Here, in his untimely third PCRA petition, Weimer failed to identify any new ***event*** that spawned a new claim in his criminal cases. Thus, he failed to invoke the newly-discovered facts exception. Consequently, as Weimer's third PCRA petition was untimely filed and he failed to establish any exception to the PCRA's one-year time bar, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/11/2026